COOKS, J.,
concurring.
| tThe jury expressly found the School Board’s behavior in re-hiring Duhon and in failing to supervise him in the face of what it knew about his proclivities to harm students “reckless, outrageous, willful, flagrant or wanton.” That means the School Board’s behavior is about as bad as it gets. The facts concerning the School Board’s outrageous conduct in this case present a compelling case for the imposition of punitive damages on it. The evidence in this case established that Duhon disclosed his prior investigation for sexual misconduct to Principal Reed. Reed contacted the principal at the prior school, Ms. Fraser, who confirmed Duhon was investigated for sexual misconduct and that she would not rehire him as the result of those incidents involving a fifteen-year-old female student. Principal Fraser even went the extra mile and called the Head of High Schools for the parish’s school system, Dave Buller, who gave her the impression that Duhon would not be rehired at Sam Houston High. Nevertheless, not only did Principal Reed hire Duhon, his decision was approved by School Superintendent Savoy personally.' Savoy admitted he was well acquainted with Duhoris uncle, and had previously been a coaching mate with Du-horis father in the Calcasieu school system. Additionally, Duhon intentionally falsified, under oath, the required ^statement on the sexual misconduct disclosure form required by' the School Board. Having previously investigated Duhon, the School Board knew the statement was false but re-hired Duhon anyway.[1] To make matters even more egregious, knowing all of this, the School Board did nothing to assure proper supervision of Duhon and allowed him to be alone, behind a shut door, with paper over the glass, in a classroom with minor female students — all in violation of state law. This allowed Duhon to engage in sexual misconduct with his victim right in the classroom for over two months on an almost daily basis. In my' view this behavior by the' School Board makes it a co-perpetrator with Duhon as that term is applied in criminal law — a principal by “aiding and abetting” him in the commission of the criminal act, an act that was foreséeable and substantially certain to occur.[2] Alas, | ^however, the Plaintiffs in the *975 trial court conceded the inapplicability of article 2315.7 and, as the majority concludes, its application is not before us. I therefore must concur with the majority ruling.

. As the majority finds, the School Board ' acknowledged it investigated Duhoris prior conduct in 2007 with a student at Barbe High School; acknowledged it was aware of the principal’s decision not to re-hire Duhon at that school in 2008; and acknowledged it was aware that Principal Fraser communicated that decision to Principal Reed at Sam Houston High in 2012. Nevertheless, the School Board approved Duhon’s hiring in 2012.

. I note that, although Plaintiffs amended their petition several times they did not specifically náme as a defendant Superintendent Savoy or Dave Buller, head of high schools for the parish school system. A reasonable fact-finder may have found their conduct culpable as a co-perpetrator. Principals to a crime are defined in La.R.S. 14:24: "All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the.act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime; are principals.” (emphasis added) Just because La. C.C 2315.7 refers to "the perpetrator” it cannot be interpreted to mean, in this case, only Duhon. The criminal law defines principals and that definition cannot be ignored when interpreting the meaning of "perpetrator” in Article 2315.7 to determine who must pay punitive damages for their criminal behavior. If faced with the circumstance wherein the perpetrator who actually performs an act of molestation is aided by a' co-perpetrator who physically restrains the victim for him there *975 is no doubt that'both are principals to the crime-co-perpetrators ' equally guilty and equally liable, individually, for punitive damages. In State v. Kalathakis, 89-1199 (La.6/19/90), 563 So.2d 228, 231, the supreme court explained causation and foreseeability impacting the determination of a co-perpetrator’s responsibility:
A causal relation between the defendant's conduct and the harm for which the prosecutor seeks to impose criminal sanctions is an essential element of every crime. Causation is a question of fact which has to be considered in the light of the totality of circumstances surrounding the ultimate harm and its relation to the actor’s conduct. M. Bassiouni, Substantive Criminal Law, §§ 5, 5.2- (1978). A defendant should not be held responsible for remote and indirect ■ consequences which a reasonable person could not have foreseen as likely to have flowed from his conduct or from those con-sequenées which would have occurred regardless of his conduct. Id.
In this case, the behavior of the School Board, and the two aforementioned .individuals, in my view, constitutes at the very least aiding and abetting and makes them culpáble as co-perpetrators with Duhon. The, harm to this student was forseeable, even substantially certain to follow the hiring of Duhon. The molestation of this child was not a remote or iridiréct" consequence of hiring Duhon and allowing him unfettered and unsupervised access to children in his classroom.- Moreover, this could not have happened to this child if the School Board had acted properly instead of knowingly accepting ¾. falsified application and hiring Duhon knowing what it knew about him.
The law also defines accessories after the fact as “any person who, after the commission of a felony, shall harbor, conceal-, or aid the offender, knowing or having reasonable ground to believe that he has committed the felony, and with the intent that he may’ avoid or escape from arrest, trial, conviction, or punishment.” Moreover, the law also expressly prohibits “sexual conduct between [ari] educator and [a] student,” La. R.S. 14:81.4, -and- provides in part (F) of that statute "Notwithstanding any claim of privileged communication, any educator .having cause to believe that prohibited sexual conduct between an educator and student [has occurred] shall immediately report such conduct to a local or state law enforcement agency.” (emphasis added) That statute even provides for "immunity from civil or criminal liability” for any person making such report. La.R.S. 14:81.4(G)!
The School Board not only had a mandatory affirmative duty to report Duhon’s prior behavior, but also had a duty to follow the rules prescribed by law for the protection of the children in its charge. The School Board intentionally breached that duty by hiring Du-hon. This was compounded by failing to put any safeguards in place to monitor Duhon ■and protect the children they had knowingly put at risk.-